**QING HONG CHEN, also know as Ching Hong Chen, also known as Xielian Fan, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Nos. 02–4072–AG(L), 02–4932–AG(CON).**

United States Court of Appeals, Second Circuit.

May 16, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

David B. Kirby, United States Attorney, Carol L. Shea and John P. Tavana, Assistant United States Attorneys, Burlington, Vermont, for Respondent.

PRESENT: WALKER, Chief Judge, JON O. NEWMAN, and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Qing Hong Chen, though counsel, petitions for review of the November 2002 BIA order denying his motion to reopen its August 2000 decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *see also Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam).

In order to prevail on his second motion, regardless of how the first motion was construed and whether the second was therefore numerically barred, Chen would have had to show that Attorney Theodore Cox's ineffective assistance caused prejudice. *Iavorski v. INS,* 232 F.3d 124, 129 (2d Cir.2000). Chen failed to demonstrate that but for Attorney Cox's untimely filing, he would have prevailed on his first motion and his case would have been reopened. He did not address in his second motion how a timely filing would have affected the underlying reasons for the dismissal of his original appeal. Rather, he merely stated that Cox's filing was untimely and was

consequently denied. He therefore did not meet the requirement of showing prejudice, and the BIA did not abuse its discretion in denying the motion as numerically barred. Chen has waived any challenge to the BIA's denial of his first motion to reopen, as he has not addressed it in his brief. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).